The Honorable Brent Haltom, Prosecuting Attorney Eighth Judicial District Miller County Courthouse, Room 6 Texarkana, Arkansas 75502
Dear Mr. Haltom:
This opinion is being issued in response to your recent questions regarding the Nevada County Hospital. You indicate that the Nevada County Hospital closed in July of 1995 and permanently ceased to operate as a county owned hospital. You further indicate that the county has obtained voter approval to sell the hospital physical plant and that sealed bids are being accepted for the sale. In light of those facts, you have presented the following questions:
 (1) Does the county have to keep, maintain and preserve the medical and/or other records of the former Nevada County Hospital?
(2) If so, to what extent and for what duration of time?
 (3) If no bid is received for the purchase of the hospital facilities, or if the bids received are for less than three-fourths of the assessor's appraised value, is there a procedure other than that set forth in A.C.A. § 14-16-105 by which the hospital facilities can be sold?
 (4) Can the hospital facilities be sold for less than three-fourths of the appraised value?
RESPONSE
Question 1 — Does the county have to keep, maintain and preserve themedical and/or other records of the former Nevada County Hospital?
In responding to Question 1, I must first note that the originals of all of the records of the former Nevada County Hospital may be disposed of if copies of those records are preserved. See A.C.A. § 13-4-301(d); A.C.A. § 16-46-101(a)(2); A.C.A. § 14-2-203. These statutes set forth the various acceptable methods by which documents may be copied.
I have previously opined that in the absence of clear legislative authority for the disposal of both originals and copies of documents, some form of the document must be maintained. See Op. Att'y Gen. No.92-100.
The statutes specifically address the retention of some county-owned documents. See A.C.A. §§ 13-4-301 through -308. Retention requirements for the documents addressed by these statutory provisions vary. Some, but not all, of the Nevada County Hospital records could fall within the categories of documents that are specifically addressed. For example, under A.C.A. § 13-4-304, county payroll records must be maintained for 75 years; check disbursement records must be maintained for 10 years; workers' compensation payment records must be maintained for 5 years. These are only examples; the retention requirements for numerous other county documents are set forth in these statutory sections. It will therefore be essential for you to consult these provisions (A.C.A. §13-4-301 through -308) to determine particular retention requirements and whether the documents under consideration fall within those requirements.
The retention requirements for other hospital records (such as patient records) are not specifically addressed by these (or any other) statutes. It is my opinion that some form (either copies or originals) of all such records, because they are not specifically addressed by statute, must be maintained permanently. This conclusion is bolstered by the provisions of A.C.A. § 16-46-106 and A.C.A. §§ 16-46-301 through -308, which require that medical records be made available in connection with certain legal proceedings. Because some of the legal proceedings in which these provisions could be applicable have indefinite statutes of limitation (e.g., certain felony cases), it must be concluded that some form of the medical records addressed therein must be maintained permanently.
Question 2 — If so, to what extent and for what duration of time?
See response to Question 1 and the provisions of A.C.A. § 13-4-301
through -308.
Question 3 — If no bid is received for the purchase of the hospitalfacilities, or if the bids received are for less than three-fourths ofthe assessor's appraised value, is there a procedure other than that setforth in A.C.A. § 14-16-105 by which the hospital facilities can besold?
Out the outset of responding to this question, I must note that my response is based upon the assumption that the hospital's facilities consist of both real and personal property, and that the county would consider selling portions of the hospital's facilities in separate sales.
The sale of county property is governed generally by the provisions of A.C.A. § 14-16-105, which requires that property valued in excess of $500.00 must be sold for no less than three-fourths of its appraised value. Such property must also be sold in accordance with the bidding requirements and other procedures set forth in the statute. Property valued at less than $500.00 must also be sold for no less than three-fourths of its appraised value, but it may be sold either at a public or private sale and is not subject to the bidding requirements that are applicable to property valued in excess of $500.00. A.C.A. §14-16-105 provides that sales of county property that are not in compliance with its requirements are null and void and can be canceled by the chancery court. See A.C.A. § 14-16-105(f).
Nevertheless, certain exceptions to the provisions of A.C.A. § 14-16-105
are provided for certain types of property and for certain types of sales. I cannot opine definitively as to whether any of these exceptions would be applicable to the sale of any of the Nevada County Hospital property; such a determination would turn upon factual information that I do not have, such as the specific types of property to be sold and the availability of certain types of buyers. Nevertheless, I will discuss these exceptions in the event that the facts should indicate that they are applicable to the situation about which you have inquired.
1. Recycled Property
The provisions of A.C.A. § 14-16-105 expressly except from the statute's requirements sales of personal property in which the county sells "materials separated, collected, recovered, or created by a recycling program authorized and operated by the county." A.C.A. § 14-16-105(b)(3) and (f)(2)(B). Therefore, if the Nevada County Hospital facilities includes the type of recycled property addressed in this exception, that portion of the facilities can be sold without the necessity of compliance with the requirements of A.C.A. § 14-16-105.
2. Trade-Ins
Also expressly excepted from the requirements of A.C.A. § 14-16-105 are sales in which "personal property is traded in on new or used equipment and credit approximating the fair market price of such personal property is given the county toward the purchase price of new equipment." A.C.A. § 14-16-105(f)(2)(A). If the sale of the Nevada County Hospital facilities involves a trade-in of the nature described in this exception, that trade-in need not comply with A.C.A. § 14-16-105.
3. Surplus
Another exception to the provisions of A.C.A. § 14-16-105 is set forth in A.C.A. § 14-16-106. That statute provides that personal property that is determined by the county judge to be "surplus" can be sold at public auction to the highest bidder. If any of the Nevada County Hospital property can be handled as this type of property, it can be sold without the necessity of complying with the requirements of A.C.A. § 14-16-105.
4. Dedicated Property
Under the provisions of A.C.A. § 14-16-107, county real property that is dedicated for the benefit of "any lawfully incorporated, quasi-public, nonprofit, nonsectarian organizations including, but not limited to, medical clinics" can be sold to "any buyer" without the necessity of soliciting for competitive bids (if the sale is approved by the county judge and a two-thirds vote of the quorum court). For a discussion of the application of this exception, see Op. Att'y Gen. No. 92-022, a copy of which is enclosed. If any of the real property that is a part of the Nevada County facilities can be classified as this type of property, the sale of that property need not be conducted pursuant to the bidding requirements of A.C.A. § 14-16-105. It should be noted that A.C.A. §14-16-107 does not state a price requirement. It is therefore unclear whether or not a sale conducted pursuant to the provisions of A.C.A. §14-16-107 must comply with the price requirement stated in § 105. That is, it is unclear whether or not such property must be sold for no less than three-fourths of its appraised value. The courts have not addressed this question.[1]
5. Sales to Municipalities
Finally, A.C.A. § 14-16-108 provides that the county court, with approval of the quorum court, has the authority to sell any county-owned hospital (where there is no outstanding bonded indebtedness) to any municipality located within the county. The sale can be "upon such terms and conditions as the court may deem advisable for the best interests of the county." Id. Thus it can be concluded that if the Nevada County Hospital facilities are sold to a municipality located within the county, consideration for the sale can be less than three-fourths of the appraised value of the property, and the sale need not comply with the other requirements of A.C.A. § 14-16-105.
I have identified no other exceptions to the provisions of A.C.A. §14-16-105 regarding the sale of county property. I therefore conclude that any hospital property that does not fall within the exceptions to A.C.A. § 14-16-105 discussed above must be sold in compliance with that statute.
Question 4 — Can the hospital facilities be sold for less thanthree-fourths of the appraised value?
It is possible that certain portions of the hospital facilities can be sold at less than three-fourths of the appraised value, if that part of the property falls within one of the exceptions to the provisions of A.C.A. § 14-16-105. See response to Question 3.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] I have previously opined that the sufficiency of the consideration for a sale of county property is a question of fact. See, e.g., Ops. Att'y Gen. Nos. 94-168, 93-211, and 92-022. I have not previously addressed the issue of the applicability of the price requirements of A.C.A. § 14-16-105 to sales conducted pursuant to A.C.A. § 14-16-107.